**Todd M. Friedman (SBN 216752)**
**Adrian R. Bacon (SBN 280332)**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 877-619-8966**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
**Attorneys for Plaintiff**

*Attorneys for Plaintiff, CHRISTINE SLOWINSKI, and all others similarly situated*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE SLOWINSKI, individually, and on behalf of other members of the general public similarly situated,<br><br>              Plaintiff,<br><br>vs.<br><br>EVERALBUM, INC.,<br><br>              Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1)  Violation of Illinois Biometric Privacy Act, 740 ILCS 14/1 *et seq.*<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, CHRISTINE SLOWINSKI ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## PRELIMINARY STATEMENTS

1.  This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, resulting from the illegal actions of Defendant, in negligently, intentionally, and/or recklessly collecting, storing, and

using Plaintiff's and other similarly situated individuals' biometric identifiers and biometric information (referred to collectively as "biometrics") without developing a public policy establishing a retention schedule, establishing guidelines for destroying biometric identifiers, and biometric information, informing Plaintiff of the specific purpose and length of term for which the information was being stored, or receiving a written release executed by Plaintiff, in violation of the BIPA. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The BIPA defines "Biometric identifier" as, "…a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

3. The BIPA defines "Biometric Information" as, "…any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10.

4. The BIPA was designed to encourage the public trust in biometric technology and the use and adoption of biometric identifier-facilitated transactions, and to prevent harm to individuals by requiring companies to adopt and publish retention schedules and guidelines for permanently destroying biometrics. 740 ILCS 14/15 (a)(b).

5. In enacting the BIPA, the General Assembly of the State of Illinois

found all of the following:

    (a)    The use of biometrics is growing in the business and security screening sectors and appears to promise streamlined financial transactions and security screenings.

    (b)    Major national corporations have selected the City of Chicago and other locations in [Illinois] as pilot testing sites for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias.

    (c)    *Biometrics are unlike other unique identifiers that are used to access finances or other sensitive information.* For example, social security numbers, when compromised, can be changed. *Biometrics, however, are biologically unique to the individual*; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is *likely to withdraw from biometric-facilitated transactions*.

    (d)    *An overwhelming majority of members of the public are weary of the use of biometrics* when such information is tied to finances and other personal information.

    (e)    Despite limited State law regulating the collection, use, safeguarding, and storage of biometrics, *many members of the public are deterred from partaking in biometric identifier-facilitated transactions*.

    (f)    The full ramifications of biometric technology are not fully known.

    (g)    The public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

740 ILCS 14/5 (emphasis added).

    6.    Persons, like the Plaintiff herein, have an interest protecting,

monitoring, and controlling their biometrics beyond the typical concerns and interests associated with protecting other types of personally identifying information.

7. Information about retention and destruction of biometrics is key to encouraging trust in biometric identifier-facilitated transactions, and is essential to Plaintiff's ability to monitor, protect, and control her biometrics.

8. By concealing information required to be publicly disclosed by the BIPA, Defendant impaired Plaintiff's ability to use that information for the substantive purpose of monitoring, controlling, and protecting her biometrics as envisioned by the BIPA.

9. Therefore, Plaintiff has been deprived of her legally protected interest to obtain information that is required to be publicly disclosed by Illinois law.

10. As a result, Plaintiff has been deterred from partaking in biometric identifier-facilitated transactions because she lacks sufficient information, knowledge, and serenity to which she is entitled under Illinois law.

## JURISDICTION AND VENUE

11. This Court had jurisdiction pursuant to 28 U.S.C. § 1332(d), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest or costs and is a class action in which members of the putative class are citizens of a State different from the Defendant.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because this is the judicial district in which Defendant resides.

## PARTIES

13. Plaintiff is an individual who was at all relevant times residing in Schaumburg, Illinois.

14. On information and belief, Defendant is a Delaware corporation, whose principal place of business is located in San Francisco, California.

15. On information and belief, at all times relevant hereto, Defendant was engaged in the manufacturing, programming, marketing, and sale of a computer and mobile phone application known as Ever or Everalbum.

16. Defendant is a "private entity" as defined in 740 ILCS 14/10, as it is a corporation.

## FACTS COMMON TO ALL COUNTS

17. Defendant's computer and mobile phone application known as Ever or Everalbum (the "App"), operates as a digital photograph storage and sharing platform.

18. During or about February of 2020, Plaintiff began using the App to store photographs.

19. During or about February of 2020, Plaintiff uploaded approximately four hundred (400) photos to her Everalbum application including many photos of

herself and her family.

20. The App uses facial recognition technology to capture and store the facial geometry of persons appearing in photographs uploaded to the App.

21. The App informs its customers that facial recognition technology can be used to help "tag" persons appearing in photographs to help identify and label photographs for organizational purposes.

22. Once an individual appearing in one photograph has been "tagged," the App's facial recognition technology will automatically recognize and help its users "tag" that same individual in other photographs.

23. The App captured and stored Plaintiff's facial geometry from the photographs uploaded during February of 2020.

24. Plaintiff was not informed in writing by Defendant that her biometric identifiers or biometric information were being collected and/or stored by Defendant.

25. Plaintiff was not informed in writing by Defendant of the specific purpose and length of term for which her biometric identifiers or biometric information was being collected, stored, and used by Defendant.

26. Plaintiff did not receive a written release from Defendant to execute; therefore, Defendant could not have received a written release of Plaintiff's biometric identifiers or biometric information, executed by her.

27. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Risk of irreversible breach of privacy and permanent loss of security due to unknown and undocumented circumstances under which her biometric information is now being used or subjected; and

    c. Stress, aggravation, frustration, loss of trust in technology, loss of serenity, and loss of confidence in biometric identifier-facilitated transactions.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons or entities within the State of Illinois whose biometrics were obtained by Defendant's App without receiving information about a public policy establishing a retention schedule, guidelines for destroying the biometrics, or specific purpose and length of term for which the information was being stored; and/or without being given the opportunity to sign a written release executed by them as required by the BIPA, within four years prior to the filing of this lawsuit through the date of class certification.

29. Defendants, their employees and agents are excluded from the Class.

Plaintiff does not know the number of members in the Class, but believes the members number in the hundreds, if not thousands, or more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

30. The Class is so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class include hundreds, if not thousands of members, or more. Plaintiff alleges that the identities of the class members may be ascertained by records maintained by Defendant.

31. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of its members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

32. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual class members and include, but are not necessarily limited to, the following:

    a. Whether the Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for

permanently destroying biometric identifiers and biometric information, when the initial purpose for collecting or obtaining such identifiers or information had been satisfied or within 3 years of the individual's last interaction with Defendant, whichever occurred first, as required by 740 ILCS 14/15(a);

b. Whether the Class members were informed of the specific purpose and length of term for which their biometric identifiers and biometric information were being stored;

c. Whether Defendant received signed written releases executed by each Class member; and

d. Whether Defendant's noncompliance with the BIPA was intentional or reckless.

33. As a resident of the State of Illinois whose biometrics were obtained by Defendant's App without receiving information about a public policy establishing a retention schedule, guidelines for destroying the biometrics, or specific purpose and length of term for which the information was being stored, and without being given the opportunity to sign a written release executed by her as required by the BIPA, Plaintiff is asserting claims that are typical of the Class.

34. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class.

35. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

36. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

37. The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-

party class members to protect their interests.

38. Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

39. Defendant failed to comply with the requirements of the BIPA, including, but not limited to, 740 ILCS 14/15(a) and 740 ILCS 14/15(b), as to the Class with respect to the above-alleged transactions.

40. 740 ILCS 14/15(a) provides that:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

41. 740 ILCS 14/15(b) provides that:

> No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric information, unless it first:
>
> (1) Informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

    (2)    Informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

    (3)    Receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

42. The size and definition of the Class can be identified through Defendant's records.

**COUNT I**
**NEGLIGENT VIOLATIONS OF 740 ILCS 14/1, *et seq.***
**(ON BEHALF OF PLAINTIFF AND THE CLASS)**

43. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

44. The BIPA requires that "a private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first" 740 ILCS 14/15(a).

45. The BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, received through trade, or otherwise obtain a

person's or customer's biometric identifiers or biometric information, unless it first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…." 740 ILCS 14/15(b).

46. Plaintiff and the Class members are individuals who had their biometric information collected by Defendant through Defendant's collection and use of their biometric identifiers.

47. Plaintiff and the Class members are individuals who had their biometric information stored by Defendant through Defendant's storage of their biometric identifiers.

48. Defendant systematically collected, stored, and used Plaintiff's and the Class members' biometric identifiers and/or biometric information without developing a written policy, made available to the public, and establishing a retention schedule and guidelines for permanently destroying biometric information, as required by 740 ILCS 14/15(a).

49. Defendant systematically collected, stored, and used Plaintiff's and the Class members' biometric identifiers and/or biometric information without first

informing them of the specific purpose and length of term for which the biometric identifiers or biometric information was being collected, stored, and used, as required by 740 ILCS 14/15(b)(2).

50. Defendant systematically collected, stored, and used Plaintiff's and the Class members' biometric identifiers and/or biometric information without first obtaining the written releases required by 740 ILCS 14/15(b)(3).

51. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the BIPA, including, but not limited to, each and every one of the above cited provisions of 740 ILCS 14/1, *et seq.*

52. As a result of Defendant's negligent violations of 740 ILCS 14/1, *et seq.*, Plaintiff is entitled to an award of $1,000.00 in statutory damages for each and every violation, pursuant to 740 ILCS 14/20(1).

53. As a result of Defendant's negligent violations of 740 ILCS 14/1, *et seq.*, Plaintiff is also entitled to an award of reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, pursuant to 740 ILCS 14/20(3).

54. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

/////
/////
/////
/////

## COUNT II
## INTENTIONAL AND/OR RECKLESS VIOLATIONS
## OF 740 ILCS 14/1, *et seq.*
## (ON BEHALF OF PLAINTIFF AND THE CLASS)

55. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple intentional and/or reckless violations of the BIPA, including, but not limited to, each and every one of the above cited provisions of 740 ILCS 14/1, *et seq.*

57. As a result of Defendant's intentional and/or reckless violations of 740 ILCS 14/1, *et seq.*, Plaintiff is entitled to an award of $5,000.00 in statutory damages for each and every violation, pursuant to 740 ILCS 14/20(2).

58. As a result of Defendant's intentional and/or reckless violations of 740 ILCS 14/1, *et seq.*, Plaintiff is also entitled to an award of reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, pursuant to 740 ILCS 14/20(3).

59. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a. An order certifying the Class and appointing Plaintiff as Representative

of the Class;

b. An order certifying the undersigned counsel as the Class Counsel;

c. An order requiring Defendant, at its own cost, to notify all members of the Class of the unlawful conduct herein;

d. Judgment against Defendant in the amount of $1,000.00 in statutory damages for each and every negligent violation of the BIPA by Defendant;

e. Judgment against Defendant in the amount of $5,000.00 in statutory damages for each and every intentional and/or reckless violation of the BIPA by Defendant;

f. An order for injunctive relief prohibiting such conduct by Defendant in the future;

g. Judgment against Defendant for Plaintiff's reasonable attorney's fees and costs, including expert witness fees and other litigation expenses; and

h. Any other relief deemed just and proper by this Court.

## JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

/////
/////

Dated:  April 17, 2020        Respectfully submitted,

                                     LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                                     By: /s Todd. M. Friedman
                                         TODD M. FRIEDMAN, ESQ.
                                     Attorney for Plaintiff Christine Slowinski

CLASS ACTION COMPLAINT
-17-